**ARNOLD & PORTER KAYE SCHOLER LLP**
S. Zachary Fayne (CA Bar No. 307288)
(zachary.fayne@arnoldporter.com)
Three Embarcadero Center, 10th Floor
San Francisco, CA 94111-4024
Tel: 415-471-3100
Fax: 415-471-3400

**HOLLINGSWORTH LLP**
Eric G. Lasker (*pro hac vice anticipated*)
(elasker@hollingsworthllp.com)
Martin C. Calhoun (*pro hac vice anticipated*)
(mcalhoun@hollingsworthllp.com)
1350 I Street, N.W.
Washington, DC 20005
Tel: 202-898-5800
Fax: 202-682-1639

*Attorneys for Defendant MONSANTO COMPANY*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Joseph Mignone,<br><br>Plaintiff,<br><br>v.<br><br>Monsanto Company; Wilbur-Ellis Company LLC; and Wilbur-Ellis Feed, LLC,<br><br>Defendants. | Case No. 3:21-cv-00501<br><br>**MONSANTO COMPANY'S NOTICE OF REMOVAL OF *MIGNONE* LAWSUIT** |

By filing this Notice of Removal and related papers, defendant Monsanto Company ("Monsanto") hereby removes this lawsuit to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 (and any other applicable laws).

**INTRODUCTION**

1.  This lawsuit seeks damages for non-Hodgkin's lymphoma ("NHL") and other personal injuries allegedly caused by Plaintiff Joseph Mignone's exposure to Monsanto's Roundup®-branded herbicides, which have glyphosate as their active ingredient. Multidistrict litigation proceedings involving numerous other Roundup® lawsuits are pending in this Court. *In re Roundup Prods. Liab. Litig.*, Case No. 3:16-md-02741-VC.

2. Plaintiff is a California citizen and therefore of diverse citizenship from Monsanto. Plaintiff tried to avoid complete diversity and defeat Monsanto's right to remove by asserting claims against two in-forum California companies – Wilbur-Ellis Company LLC ("Wilbur-Ellis Company") and Wilbur-Ellis Feed, LLC, now known as Wilbur-Ellis Nutrition, LLC ("Wilbur-Ellis Nutrition/Feed").

3. However, this removal-prevention strategy fails because Plaintiff has no viable claims against either of these in-forum defendants, so both defendants are fraudulently joined. Wilbur-Ellis Nutrition/Feed is fraudulently joined because it has never designed, manufactured, marketed, distributed, or sold Roundup®-branded herbicides. Wilbur-Ellis Company is fraudulently joined because Plaintiff used Roundup®-branded herbicides for residential use, but Wilbur-Ellis Company has never sold Roundup®-branded herbicides created and designed for the residential-lawn-and-garden market.

4. As discussed in more detail below, this Court should hold that it has subject matter jurisdiction and that removal is proper here based on complete diversity of citizenship because Plaintiff fraudulently joined Wilbur-Ellis Company and Wilbur-Ellis Nutrition/Feed, which means that the presence of those in-forum defendants must be disregarded when the Court evaluates the issue of diversity jurisdiction and the propriety of removal notwithstanding the presence of those California defendants.

## BACKGROUND AND PROCEDURAL HISTORY

5. In August 2020, Plaintiff commenced this lawsuit by filing a Complaint in the Superior Court of the State of California for San Francisco County, captioned *Joseph Mignone v. Monsanto Company, et al.*, Case No. CGC-20-585819 (the "State Court Action"). Copies of "all process, pleadings, and orders served upon [Monsanto]," 28 U.S.C. § 1446(a), in the State Court Action (and other filings in this case available from the state court's files) are attached collectively as Exhibit 1.

6. Plaintiff asserts various product liability claims and seek damages for NHL and other injuries allegedly caused by Monsanto's Roundup®-branded herbicides.

7. The Complaint lumps Wilbur-Ellis Company and Wilbur-Ellis Nutrition/Feed together and refers to them collectively as "Wilbur-Ellis." Complaint ¶¶ 18-19. Although Plaintiff alleges that, at all times relevant to the Complaint, both defendants sold and distributed Monsanto's Roundup®-branded herbicides in California, *id.*, he does not specifically allege that either defendant sold or distributed those herbicides *to him*. Instead, the Complaint lumps both Wilbur-Ellis defendants together with Monsanto, *id.* ¶ 20, and uses the vague term "Defendants" and broad boilerplate language regarding their various alleged activities, *see, e.g.*, *id.* ¶ 155 ("At all times relevant to this litigation, Roundup products reached the intended consumers, handlers, and users or other persons coming into contact with these products in California and throughout the United States, including Plaintiff, without substantial change in their condition as designed, manufactured, sold, distributed, labeled, promoted and marketed by Defendants.").

8. In December 2020, the State Court Action was added to a Judicial Council Coordinated Proceeding – *Roundup Products Cases*, JCCP No. 4953 – that is pending in the Superior Court of the State of California for Alameda County.

## BASIS FOR REMOVAL – DIVERSITY JURISDICTION

### I. Substantive Requirements For Removal Are Satisfied.

9. Although complete diversity of citizenship usually is required for a federal court to have diversity jurisdiction, "one exception to the requirement of complete diversity is where a non-diverse defendant has been 'fraudulently joined.'" *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001). A defendant removing a lawsuit from state court based on fraudulent joinder of a co-defendant is required to show that there is no possibility that the state court would hold the co-defendant liable. *Grancare, LLC v. Thrower*, 889 F.3d 543, 548 (9th Cir. 2018). When fraudulent joinder applies – *i.e.*, when "the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state," *Morris*, 236 F.3d at 1067 (quotation marks omitted) – the fraudulently joined defendant's "presence in the lawsuit is ignored" for purposes of determining whether the court has jurisdiction based on diversity of citizenship, *id.* Moreover, "[f]raudulent joinder claims may be resolved by 'piercing

the pleadings' and considering summary judgment-type evidence such as affidavits and deposition testimony." *Id.* at 1068 (quoting *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 263 (5th Cir. 1995)); *see McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987) ("The defendant seeking removal to the federal court is entitled to present the facts showing the joinder to be fraudulent."). Fraudulent joinder also renders the so-called "forum defendant rule" inapplicable because that statutory provision applies only to "properly joined" defendants. 28 U.S.C. § 1441(b)(2).

10. In this case, Plaintiff sued Wilbur-Ellis Company and Wilbur-Ellis Nutrition/Feed in the hope that adding claims against those California companies would prevent removal due to lack of diversity jurisdiction and/or due to the forum defendant rule. However, as discussed below, those California defendants have been fraudulently joined.

11. Plaintiff is, and was at the time the State Court Action was filed, a citizen of the State of California. Complaint ¶ 6.

12. Monsanto is, and was at the time the State Court Action was filed, a corporation organized under the laws of the State of Delaware with its principal place of business in the State of Missouri. Accordingly, Monsanto is deemed to be a citizen of Delaware and Missouri for purposes of federal diversity jurisdiction.

13. Wilbur-Ellis Company is, and was at the time the State Court Action was filed, a limited liability company whose sole member is (and was at the time this lawsuit was filed) Wilbur-Ellis Holdings II, Inc. *See* Declaration of Scott Hushbeck ¶ 4 ("Hushbeck Declaration") (attached as Exhibit 2).

14. Wilbur-Ellis Nutrition/Feed is, and was at the time the State Court Action was filed, a limited liability company whose sole member is (and was at the time this lawsuit was filed) Wilbur-Ellis Holdings II, Inc. *See* Declaration of Dennis McDermott ¶ 5 ("McDermott Declaration") (attached as Exhibit 3).

15. Wilbur-Ellis Holdings II, Inc. is, and was at the time the State Court Action was filed, a corporation organized under the laws of the State of Delaware with its principal place of business in the State of California. *See* McDermott Declaration ¶ 6; Hushbeck Declaration ¶ 5.

Accordingly, Wilbur-Ellis Holdings II, Inc. is deemed to be a citizen of Delaware and California for purposes of federal diversity jurisdiction.

16. Wilbur-Ellis Company and Wilbur-Ellis Nutrition/Feed both are deemed to be citizens of the same states as their member Wilbur-Ellis Holdings II, Inc. – Delaware and California – for purposes of federal diversity jurisdiction.

17. Therefore, disregarding the two California defendants – which were fraudulently joined by Plaintiff – means that there is complete diversity of citizenship and that the forum defendant rule does not apply.

**A. Plaintiff fraudulently joined Wilbur-Ellis Nutrition/Feed.**

18. Wilbur-Ellis Nutrition/Feed is (and has been) in the business of ensuring that animals receive customized, high-quality, dependable nutrients. McDermott Declaration ¶ 7. Wilbur-Ellis Nutrition/Feed has never designed, manufactured, marketed, distributed, or sold Roundup®-branded herbicides or any other herbicides. *Id*. Thus, Plaintiff does not have any viable claims against Wilbur-Ellis Nutrition/Feed. *See, e.g.*, *Martinez v. McKesson Corp.*, No. 3:15-cv-02903-H-JLB, 2016 WL 5930271 (S.D. Cal. Apr. 7, 2016) (holding that California defendant was fraudulently joined because it did not manufacture Mirena and did not distribute *plaintiff's* Mirena); *Tucker v. McKesson Corp.*, No. C 10–2981 SBA, 2011 WL 4345166 (N.D. Cal. Sept. 14, 2011) (holding that California defendant was fraudulently joined because it did not distribute morphine tablets to pharmacy where decedent obtained morphine tablets at issue in lawsuit); *Vu v. Ortho-McNeil Pharm., Inc.*, 602 F. Supp. 2d 1151, 1154-55 (N.D. Cal. 2009) (holding that California defendant was fraudulently joined because she did not market or distribute Children's Tylenol Plus Multi-Symptom Cold medicine); *Aronis v. Merck & Co.*, No. Civ. S-05-0486 WBS DAD, 2005 WL 5518485 (E.D. Cal. May 3, 2005) (holding that California defendant was fraudulently joined because plaintiff alleged merely that defendant was a major distributor of Vioxx without connecting defendant to plaintiff's injuries).

19. For the foregoing reasons, the Court should hold that Plaintiff fraudulently joined Wilbur-Ellis Nutrition/Feed and should disregard the citizenship of that defendant when assessing whether this lawsuit has been properly removed.

**B. Plaintiff fraudulently joined Wilbur-Ellis Company.**

20. Wilbur-Ellis Company is (and has been) in the business of, among other things, distributing and selling certain pesticides and herbicides, including certain glyphosate-based herbicide products. Hushbeck Declaration ¶ 6. Glyphosate-based herbicide products (including Monsanto's glyphosate-based Roundup®-branded herbicides) have been designed for and sold to three different markets: (a) the agricultural market; (b) the residential-lawn-and-garden market; and (c) what Wilbur-Ellis Company calls the professional market, which involves herbicide products that are designed for and sold to, for example, landscaping companies, golf courses, schools, or state and local government agencies (to maintain roads, parks, and/or rights-of-way). *Id.*; *see* Declaration of Steven Gould ¶ 5 ("Gould Declaration") (attached as Exhibit 4). That third market is what Monsanto has called the industrial, turf, and ornamental ("IT&O") market. Hushbeck Declaration ¶ 6; Gould Declaration ¶ 5.

21. Wilbur-Ellis Company is (and has been) in the business of distributing and selling only certain categories of Roundup®-branded herbicide products – namely, herbicides designed for the agricultural market and herbicides designed for the IT&O/professional market. Gould Declaration ¶ 6; Hushbeck Declaration ¶ 7.

22. Wilbur-Ellis Company does not sell, distribute, or market (and has never sold, distributed, or marketed) Roundup®-branded herbicides that have been designed for the residential-lawn-and-garden market. Gould Declaration ¶ 6; Hushbeck Declaration ¶ 7. For example, Wilbur-Ellis Company has never played any role in the chain of distribution leading to Monsanto's glyphosate-based Roundup®-branded lawn-and-garden herbicides being sold at national retail stores like Home Depot, Lowe's, Target, Walmart, Costco, or Ace Hardware. Hushbeck Declaration ¶ 7; *see* Gould Declaration ¶ 6.

23. Moreover, Wilbur-Ellis Company is not (and has never been) the sole or exclusive distributor of Monsanto's Roundup®-branded glyphosate-based herbicides in the State of California. Hushbeck Declaration ¶ 8; Gould Declaration ¶ 7. There are (and have been) other distributors of Roundup®-branded herbicides in California. Gould Declaration ¶ 7. Wilbur-Ellis Company has never been the largest distributor of those herbicides in California. *Id.*

24. Wilbur-Ellis Company has never designed or manufactured Roundup®-branded herbicides. Gould Declaration ¶ 8; Hushbeck Declaration ¶ 9.

25. Plaintiff allegedly used Roundup®-branded herbicides for residential use and not for work-related reasons. *See* Plaintiff's Fact Sheet at 11-12 (excerpts attached as Exhibit 5). Thus, Plaintiff does not have viable claims against Wilbur-Ellis Company. *See supra* Paragraph 18 (citing fraudulent joinder cases).

26. For the foregoing reasons, the Court should hold that Plaintiff fraudulently joined Wilbur-Ellis Company and should disregard the citizenship of that defendant when assessing whether this lawsuit has been properly removed.

\*          \*          \*          \*

27. The Complaint seeks compensatory and punitive damages based on allegations that Monsanto's Roundup®-branded herbicides caused Plaintiff to develop cancer (NHL) and other injuries. Therefore, it is plausible from the face of those pleadings that Plaintiff seeks damages in excess of $75,000, exclusive of interest and costs, which satisfies the jurisdictional amount-in-controversy requirement. 28 U.S.C. § 1332(a); *see Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014) ("[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold."); *see also Ross v. First Family Fin. Servs., Inc.*, No. 2:01CV218-P-B, 2002 WL 31059582, at *8 (N.D. Miss. Aug. 29, 2002) ("[U]nspecified claims for punitive damage sufficiently serve to bring the amount in controversy over the requisite jurisdictional threshold set out in 28 U.S.C. § 1332."). In fact, other lawsuits seeking damages for NHL allegedly caused by Roundup®-branded herbicides have been filed against Monsanto in this Court and other federal courts asserting jurisdiction under Section 1332(a) and alleging damages in excess of $75,000, exclusive of interest and costs.

28. Thus, this Court has original subject matter jurisdiction over Plaintiff's claims based on Section 1332(a) because there is complete diversity of citizenship between Plaintiff and Monsanto (disregarding the citizenship of the fraudulently joined California defendants) and because the amount in controversy exceeds $75,000, exclusive of interest and costs.

7
DEFENDANT MONSANTO COMPANY'S NOTICE OF REMOVAL OF *MIGNONE* LAWSUIT

**II. Procedural Requirements For Removal Are Satisfied.**

29. The Superior Court of the State of California for Alameda County is located within the Northern District of California. Therefore, removal to this Court satisfies the venue requirements of 28 U.S.C. § 1446(a).

30. This Notice of Removal is timely. When the State Court Action was commenced, the "case stated by the initial pleading [was] not removable," 28 U.S.C § 1446(b)(3), because the Complaint included claims against California defendants. Thus, based on the face of the Complaint, this lawsuit was not removable due to lack of diversity of citizenship and due to the forum defendant rule, 28 U.S.C. § 1441(b)(2). Plaintiff's Fact Sheet, which was served on Monsanto on January 7, 2021, is the "other paper from which it may first be ascertained that [this] case is one which is or has become removable." § 1446(b)(3). This Notice of Removal is timely because Monsanto is filing it within 30 days of January 7, 2021.

31. Consent to removal is not required from Wilbur-Ellis Nutrition/Feed or Wilbur-Ellis Company because those defendants have not been "properly joined," 28 U.S.C. § 1446(b)(2)(A).

32. The written notice required by 28 U.S.C. § 1446(d) will be promptly filed in the Superior Court of the State of California for Alameda County and will be promptly served on Plaintiff.

33. Monsanto does not waive any legal defenses and expressly reserves its right to raise any and all legal defenses in subsequent proceedings.

34. If any question arises as to the propriety of this removal, Monsanto requests the opportunity to present written and oral argument in support of removal.

## **CONCLUSION**

For the foregoing reasons, Monsanto removes this lawsuit to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 (and any other applicable laws).

DATED: January 21, 2020

Respectfully submitted,

/s/ S. Zachary Fayne
S. Zachary Fayne (CA Bar No. 307288)
(zachary.fayne@arnoldporter.com)
ARNOLD & PORTER KAYE SCHOLER LLP
Three Embarcadero Center, 10th Floor
San Francisco, CA 94111-4024
Tel: 415-471-3100
Fax: 415-471-3400

Eric G. Lasker (*pro hac vice anticipated*)
(elasker@hollingsworthllp.com)
Martin C. Calhoun (*pro hac vice anticipated*)
(mcalhoun@hollingsworthllp.com)
HOLLINGSWORTH LLP
1350 I Street, N.W.
Washington, DC 20005
Tel: 202-898-5800
Fax: 202-682-1639

Attorneys for Defendant MONSANTO COMPANY